JOURNAL ENTRY AND OPINION
{¶ 1} In 1996, plaintiff Charles Payne, Jr., worked as a bus driver for the Greater Cleveland Regional Transit Authority ("RTA"). While acting in the course and scope of his employment, he suffered injuries after a third-party motorist struck the bus he was operating. Payne collected workers' compensation benefits from RTA, a self-insured employer. In 1997, Payne brought suit against the driver of the vehicle that struck his bus. Claiming to have paid Payne $23,774.53 in benefits, RTA intervened in Payne's action to assert its right to subrogation, on authority of former R.C. 4123.931. Payne challenged the constitutionality of R.C. 4123.931, and filed a motion to dismiss RTA's subrogation claim. Before any ruling on that issue, Payne settled with the tortfeasor for $40,000. As part of that settlement, Payne and RTA agreed that RTA would take one-third, or $13,119.71 (after deduction of certain expenses).
 {¶ 2} Prior to 2001, R.C. 4123.931 permitted employers to be subrogated to their employees for sums the employees received as damages resulting from work-related injuries caused by third parties in excess of the amount the employee recovered as workers' compensation benefits. However, in 2001, the Ohio Supreme Court found that R.C. 4123.931 was unconstitutional in that parts of the statute violated the Equal Protection Clause of Article 1, Section 2, of the Ohio Constitution because it created "disparate treatment" of claimants who settle their claims and claimants who litigate their claims. The court found this disparate treatment "is irrational and arbitrary." Holeton v. CrouseCartage Co. (2001), 92 Ohio St.3d 115, 132, 2001-Ohio-109. The question raised in this appeal is what effect the Holeton decision has on parties who settled a subrogation claim prior to the release of the Holeton
decision.
 {¶ 3} The court did not err by granting summary judgment. It correctly cited to Clark v. Bureau of Workers' Compensation, Franklin App. No. 02AP-743, 2003-Ohio-2193, as authority for the proposition that a subsequent change in the law cannot be applied retrospectively in instances in which contractual rights have arisen or a party has acquired vested rights under the prior law. In Clark, the Bureau of Workers' Compensation asserted its rights to subrogation against monies collected by an employee who had collected benefits and then received a settlement from a third-party tortfeasor. The employee and the bureau agreed to settle the matter to end the subrogation litigation. Shortly after the settlement, the supreme court released Holeton, and the employee sought to recoup those monies paid to the bureau as subrogation. Distinguishing the general rule of retrospective application of unconstitutional legislation, the Clark court noted that the settlement between the bureau and the employee created vested contract rights in the bureau:
 {¶ 4} "Here, the BWC made an offer to compromise its subrogation claim through a contract in which the parties agreed to mutual concessions in order to avoid litigation with its attendant expenses and resultant burden upon the legal system. The stated purpose of the settlement agreement was to avoid litigation. The release stated, in pertinent part, that the settlement was `the compromise of a doubtful and disputed claim and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released and that said releasees deny liability therefore and intend merely to avoid litigation and buy their peace.' An offer to compromise by settlement is not the same as the assessment and payment of a tax, which admittedly does arise by statute and does not grow out of a contractual relationship. See Peerless Elec. Co. v. Bowers (1955),164 Ohio St. 209, 210, 129 N.E.2d 467 (`The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision. The assessment and payment of a tax does not grow out of a contractual relationship, and there is no showing that any rights have become vested in the appellants under such prior decision'). Thus, we conclude that the payment of $155,000 to the BWC arose as a result of a settlement agreement designed to avoid further litigation of the issue of the BWC's subrogation claim. As an agency of the state of Ohio, the BWC is authorized to enter into contracts and it acquires certain rights as a result of entering into such contracts." Id. at ¶ 11.
 {¶ 5} Here, the parties agreed to terminate the subrogation litigation before the supreme court released Holeton. Once they settled the matter, contract rights vested with RTA. Consequently, Holeton cannot be applied retrospectively. The assigned error is overruled.
Judgment affirmed.
TIMOTHY E. McMONAGLE, J., and ANTHONY O. CALABRESE, JR., J., CONCUR.